IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| **ARELIS MARIA QUINTERO,** | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **EP-26-CV-01631-DB** |
| | § | |
| **DEPARTMENT OF HOMELAND** | § | |
| **SECURITY,** | § | |
| **Respondent.** | § | |

## ORDER

On this day, the Court considered the above-captioned case. On June 12, 2026, Petitioner Arelis Maria Quintero ("Petitioner") filed an "Application to Proceed in District Court Without Prepaying Fees or Costs," ECF No. 1. Thereafter, the Court issued an order granting Petitioner leave to proceed *in forma pauperis* ("IFP") and directing the District Clerk's Office to file her "Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241" ("Petition"), ECF No. 3. *See* ECF No. 2. Having granted Petitioner leave to proceed IFP, the Court now considers whether Petitioner has pled sufficient facts establishing a habeas claim, such that the Petition survives scrutiny under the prescreening provisions contained in 28 U.S.C. § 1915[1] and Rule 4 of the Rules Governing Section 2254 Cases.[2] After due consideration, the Court concludes Petitioner has failed to plead

---

[1] *See* 28 U.S.C. § 1915(e)(2) (requiring courts to "dismiss [a] case . . . [where] the [C]ourt determines that . . . the action . . . fails to state a claim on which relief may be granted.").

[2] *See SAUL CHAVEZ MONTIEL, Petitioner, v. KRISTI NOEM, et al., Respondents.*, No. 4:26-CV-01426, 2026 WL 926715, at *1 (S.D. Tex. Apr. 6, 2026) ("A district court may apply any of the rules governing habeas petitions filed under 28 U.S.C. § 2254 to those filed under 28 U.S.C. § 2241."); *see also* Rules Governing Section 2254 Cases ("Habeas Rules"), Rule 1(a)–(b) (providing that although the Habeas Rules primarily "govern a petition for a writ of habeas corpus filed in a United States district court under 28 U.S.C. § 2254," "[t]he district court may apply any or all of [the Habeas Rules] to a habeas corpus petition not" filed under that provision).

sufficient facts[3] demonstrating she is being held in violation of the Constitution or the laws of the United States.[4] However, rather than dismiss the case, the Court grants Petitioner thirty (30) days to amend her Petition or hire an attorney to file an amended Petition on her behalf.

Accordingly, **IT IS HEREBY ORDERED** Petitioner **SHALL** either: (1) amend her Petition such that a viable claim for habeas relief is established; or (2) hire an attorney to represent her in this matter and file an amended petition on her behalf within **thirty (30) days** of the instant Order. The amended petition should specifically identify:

1. petitioner's country of origin;

2. the date Petitioner entered the United States;

3. the date Petitioner was taken into immigration custody;

4. the date Petitioner was provided a bond hearing before an immigration judge, if applicable;[5] and

5. the date Petitioner was ordered removed from the United States, if applicable.

Petitioner is forewarned that failure to comply by the deadline stated herein may result in dismissal.

---

[3] *Guidroz v. Lynaugh*, 852 F.2d 832, 834 (5th Cir. 1988) ("A habeas petition 'need only set forth facts giving rise to the cause of action.'") (quoting *Bounds v. Smith*, 430 U.S. 817, 825 (1977)).

[4] *See e.g.*, *Vieira v. De Anda-Ybarra*, No. EP-25-CV-00432-DB, 2025 WL 2937880 (W.D. Tex. Oct. 16, 2025) (holding that petitioner, who was denied a bond hearing justifying his detention, was entitled to habeas relief); *Singh v. Taylor*, No. EP-26-CV-00155-DB, 2026 WL 360913 (W.D. Tex. Feb. 9, 2026) (holding that petitioner, who was subject to a final order of removal and had been held in custody for fourteen months, was entitled to habeas relief under *Zadvydas v. Davis*, 533 U.S. 678 (2001)); *Qudus v. Noem*, No. EP-25-CV-00679-DB (W.D. Tex. Jan. 20, 2026) (holding that petitioner, who was subject to a final order of removal, previously released on an Order of Supervision, and not provided notice or an informal interview under 8 C.F.R. § 241, was entitled to habeas relief).

[5] If Petitioner was provided a bond hearing before an immigration judge, Petitioner should describe, in detail, what occurred during those proceedings and the outcome.

**IT IS FURTHER ORDERED** that the District Clerk **SHALL MAIL** a copy of this Order to Petitioner at the address on file with the District Clerk's Office.

**SIGNED** this **18th** day of **June 2026**.

_____
THE HONORABLE DAVID BRIONES
SENIOR UNITED STATES DISTRICT JUDGE